# Matter of Juan Andres VIZCAINO AYBAR, Respondent

*Decided July 1, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Under 8 C.F.R. § 1003.19(c)(1), the proper venue for a respondent's request for bond redetermination is the Immigration Court having jurisdiction over the respondent's place of detention.

FOR THE RESPONDENT: Robert D. Watt, Jr., Esquire, Providence, Rhode Island

FOR THE DEPARTMENT OF HOMELAND SECURITY: Alexandra M. Wolff, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER, GEMOETS, and CHABAN, Appellate Immigration Judges.

HUNSUCKER, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals an Immigration Judge's bond decision dated March 20, 2025, ordering the respondent released from detention upon the posting of an $8,000 bond. *See* section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a) (2024). The Immigration Judge issued a bond memorandum explaining the bond decision on September 12, 2025. We will sustain DHS' appeal and vacate the Immigration Judge's bond decision.

On March 20, 2025, the Immigration Judge determined that she had authority to set bond and granted a change in custody status after determining DHS did not carry its burden of establishing that the respondent poses a danger to persons or property or is a flight risk. *See* INA § 236(a), 8 U.S.C. § 1226(a); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) (describing DHS's burden in opposing a request for bond under section 236(a) of the INA, 8 U.S.C. § 1226(a)).[1] On appeal, DHS argues that the

---

[1] We note that the respondent submitted a letter of support from a state senator; however, the letter states, "I have known Juan for the past [insert how long you've known him] and have witnessed firsthand his dedication, responsibility, and commitment to his family and community." While the inclusion of the parenthetical "[insert how long you've known him]," may be a scrivener's error, we note the issue because the Immigration Judge explicitly relied on such letter in the danger analysis, and the parenthetical may affect the weight afforded to such evidence in future proceedings.

Immigration Judge erred in conducting a bond hearing on the respondent's second request for custody redetermination because the respondent had already been transferred to a detention facility in Texas. We agree with DHS.

The relevant procedural facts are as follows. DHS initiated removal proceedings on February 25, 2025, charging the respondent with removability under section 237(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B) (2024). On the same date, DHS issued a Form I-286, Notice of Custody Determination, and the respondent requested custody redetermination. At that time, the respondent was detained in the area served by the Chelmsford Immigration Court.

On March 2, 2025, DHS transferred the respondent to the South Texas ICE Processing Center. On March 3, 2025, DHS filed a motion to change venue. On March 6, 2025, the respondent withdrew his initial bond request on the record and filed an opposition to DHS' motion to change venue. On March 6, 2025, the respondent also filed a second request for custody redetermination, which is the subject of this appeal.

On March 13, 2025, the Immigration Judge denied DHS' motion to change venue and stated that DHS could renew the motion at the conclusion of the custody hearing. The Immigration Judge then conducted the custody redetermination hearing on March 20, 2025. At that hearing, DHS renewed its venue objection; however, the Immigration Judge proceeded with the bond hearing, granted the respondent release on bond, and only afterward granted DHS' renewed motion to change venue.

When a respondent is detained, an application "for the exercise of authority to review bond determinations shall be made . . . to the Immigration Court having jurisdiction over the place of detention." 8 C.F.R. § 1003.19(c)(1) (2026). In *Matter of Cerda Reyes*, 26 I&N Dec. 528 (BIA 2015), we explained that "[j]urisdiction refers to the court's authority to adjudicate a case," and that "[v]enue is the place where such authority is to be exercised." 26 I&N Dec. at 530 n.6. Thus, based on the language of 8 C.F.R. § 1003.19(c) – which applies to applications "for the exercise of authority" – such regulation governs the venue where a detained respondent must seek custody redetermination. *Id*. at 530.

The Immigration Judge's decision conflates the respondent's removal proceedings with the separate bond proceeding. *See generally Matter of Guerra*, 24 I&N Dec. 37, 40 n.2 (BIA 2006) ("Bond proceedings are separate and apart from the removal hearing."). In the bond memorandum, the Immigration Judge concluded that the Chelmsford Immigration Court

remained the proper venue for the bond matter because the respondent's "case was under the Chelmsford Immigration Court's administrative control when the Form I-286 was submitted," and DHS' motion to change venue had not yet been granted. However, the relevant question under 8 C.F.R. § 1003.19(c)(1) is not where the removal case is pending. Rather, the controlling issue is the respondent's place of detention. *See* 8 C.F.R. § 1003.19(c)(1) (specifying "the Immigration Court having jurisdiction over the place of detention"); *accord Matter of Cerda Reyes*, 26 I&N Dec. at 530.

The Chelmsford Immigration Court was, therefore, not the proper venue for these bond proceedings. By March 6, 2025, when the respondent had withdrawn his initial bond request and filed the second custody redetermination request that led to the March 20, 2025, bond hearing, he had already been transferred to the South Texas ICE Processing Center. *Cf. Matter of Cerda Reyes*, 26 I&N Dec. at 529 (where alien filed bond request prior to being transferred to another jurisdiction). Under the plain terms of 8 C.F.R. § 1003.19(c)(1), the proper venue for the respondent's request for bond redetermination dated March 6, 2025, was the Immigration Court having jurisdiction over the respondent's place of detention on that date, which was in Texas. *See* 8 C.F.R. § 1003.19(c)(1); *Matter of Cerda Reyes*, 26 I&N Dec. at 530. Therefore, the Chelmsford Immigration Court was not the proper venue for bond proceedings, and the Immigration Judge erred in adjudicating the respondent's March 6, 2025, request for custody redetermination. In light of this conclusion, we need not reach the parties' remaining arguments regarding dangerousness, flight risk, or bond amount.

Accordingly, we will sustain DHS' appeal and vacate the Immigration Judge's bond decision.

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's bond decision dated March 20, 2025, is vacated.